■ LEO BEKERMUS, Doing Business as ISLAND EAST REALTY, Respondent, v ROSALIE ALLEN et al., Appellants. — Order and judgment of December 16, and December 21, 1981 (Stecher, J.), Supreme Court, New York County, which granted partial summary judgment, in the sum of $100,000, to the plaintiff and granted an assessment of damages against the individual defendant, Rosalie Allen, and gave leave to serve an amended complaint against the defendant, Allen's Acres, Inc., unanimously modified, on the law and the facts, without costs, to strike the provision for an assessment of damages against Rosalie Allen, and the provision for an amended complaint against Allen's Acres is limited so as to grant permission therefor only in the event that the partial summary judgment, already entered, is not heretofore paid or paid within 60 days of the disposition of this appeal. The plaintiff is a real estate broker and was engaged by the appellants, Rosalie Allen and Allen's Acres, Inc., to sell certain motel property in Suffolk County called "Allen's Acres." There is little doubt that he was responsible for the arrangement to purchase the property by the defendants, Sanford Nalitt and Catham Realty Corp., of

which Nalitt was the sole owner. The plaintiff sought a commission of $260,000. The court, at Special Term, granted partial summary judgment in the amount of $100,000. The purchaser was to pay the commission and the plaintiff agreed to receive $100,000. However, because it was not paid, he desires to renounce that arrangement and to pursue a *quantum meruit* claim. Under the contract of sale, Nalitt, the purchaser, was to pay the commission. Accordingly, the direction for an assessment of damages against the individual defendant, Rosalie Allen, should be stricken. Further, if the judgment has been paid, there is no reason to permit an amended complaint against Allen's Acres. Concur — Kupferman, J. P., Ross, Markewich, Lupiano and Asch, JJ.